# Exhibit A-NFLPA-13

| Columbus Police Division Directive | EFFECTIVE<br>Aug. 01, 1987 | NUMBER<br>4.05 |
|---|---|---|
| | REVISED<br>Oct. 15, 2010 | TOTAL PAGES<br>7 |
| **Domestic Violence** | | |



## I. Introduction

The Division recognizes that domestic violence is a serious problem resulting in numerous injuries and deaths each year, and is committed to a policy of aggressive enforcement of laws concerning this issue. The Division further recognizes its obligation to thoroughly investigate allegations of domestic violence and present evidence that will support the prosecuting witness' testimony.

## II. Definitions

A. Domestic Violence

 1. A situation in which the victim is a family or household members of the offender who:
    a. Knowingly caused or attempted to cause physical harm to the victim or
    b. Recklessly caused serious physical harm to the victim, or
    c. By threat of force, knowingly caused the victim to believe he or she would cause imminent physical harm to the victim.

B. Family or Household Member

 1. Any person who is residing or has resided with the offender, and is:
    a. Related by blood or marriage to the offender; or
    ***b. A foster parent of the offender; or***
    c. Living as a spouse or a former spouse of the offender; or
    d. Related by blood or marriage to the spouse, person living as a spouse, or former spouse of the offender.
 2. The natural parent of any child of whom the offender is the other natural parent or is the alleged other natural parent.

C. Person Living as a Spouse

 1. A person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question. The essential elements of cohabitation are:
    a. The sharing of a residence,
    b. The sharing of family or financial responsibilities, and
    c. A shared sexual relationship.

D. Primary Physical Aggressor

>The person who most likely engaged in an act of unwarranted violence during the incident being investigated.

## III. Policy Statements

A. Enforcement and Documentation

1. Arrest of the primary physical aggressor is the mandatory course of action when probable cause is developed that he or she committed a felony assault against a family or household member. When the primary physical aggressor is not present to be arrested, the mandatory course of action is to file an arrest warrant.
2. Arrest of the primary physical aggressor is the preferred course of action when probable cause is developed that he or she committed a misdemeanor violation of domestic violence. However, when the primary physical aggressor is not present to be arrested, the preferred course of action is to file an arrest warrant.
3. Sworn personnel shall document and explain in the NetRMS Incident report the reasons when an arrest was not made or charges were not filed although there was probable cause that domestic violence occurred.
4. Sworn personnel should not charge additional offenders with domestic violence out of the same incident when the primary physical aggressor is charged with domestic violence. Although personnel are not prohibited from doing so, charging additional offenders creates difficulty in successfully prosecuting all defendants.
5. Sworn personnel shall complete a NetRMS Incident Report to document each domestic violence incident investigated.

B. Probable Cause

1. Sworn personnel have developed probable cause that a violation of domestic violence occurred when either apply:
  a. The victim or witness provides a written statement supporting the elements of the offense. However, it shall not be required that the victim provide a written statement, consent to charges, or sign a complaint as a prerequisite for filing charges.
  b. It can be reasonably determined an offense occurred based on personal knowledge, observation of the evidence, facts and circumstances of the incident, or information received from a reasonably trustworthy source.

C. Determining the Primary Physical Aggressor

1. In situations in which several offenders have committed domestic violence against each other, in addition to any other relevant circumstances, sworn personnel should consider the following when determining the primary physical aggressor:
  a. The fear of physical harm resulting from threats of violence or a history of threats and/or violence, and the reasonableness of that fear.

      b. The comparative severity of injuries.

      c. Injuries that may have been caused by actions taken in self-defense.

      d. The history of domestic violence or acts of violence, that can be reasonably verified.

  2. Sworn personnel shall forward a Domestic Violence Packet to the City Attorney's Domestic Violence Unit when the primary physical aggressor cannot be determined and no arrest is made or charges filed.

D. Protection Orders

  For incidents involving the Violation of a Protection Order, sworn personnel shall comply with the procedures outlined in the "Protection Order" directive.

E. Enhancement of Charges

  1. A domestic violence offense can be considered for an enhancement to a higher charge when the suspect has a conviction for any domestic violence related offense of violence. Officers should refer to ORC Section 2919.25 for all included offenses. An enhancement can be considered for, but is not limited to, the following:

    a. ORC 2919.25    Domestic Violence
    b. ORC 2909.06    Criminal Damaging or Endangering
    c. ORC 2909.07    Criminal Mischief
    d. ORC 2903.11    Felonious Assault
    e. ORC 2903.12    Aggravated Assault
    f. ORC 2903.13    Assault
    g. ORC 2903.14    Negligent Assault
    h. ORC 2903.21    Aggravated Menacing
    i. ORC 2903.211   Menacing by Stalking
    j. ORC 2903.211   Menacing
    k. ORC 2911.211   Aggravated Trespass
    l. ORC 2919.22    Endangering Children

    m. Any other existing or former ordinance or law, in any state or the United States, that is substantially the same as any offense listed in ORC Section 2919.25 for enhancement.

    n. If the offender knew that the victim was pregnant at the time of the violation.

  2. The Franklin County Prosecutor's Office will review the case information and enhance the charge when determined. An enhancement is not completed by the arresting or investigating officer.

  3. To help ensure enhancements are considered, sworn personnel shall follow the procedures in Section IV,C, for domestic violence incidents resulting in an arrest or charges, and shall attempt or complete an interview with the suspect and document the results of the interview when an on-view arrest is made.

F. Juveniles Involved in Domestic Violence Incidents:
 1. For incidents involving juveniles as the offender, sworn personnel shall comply with the procedures in the "Handling of Juveniles" directive.
 2. Sworn personnel shall identify a juvenile victim by his or her initials in the body of a criminal complaint, and submit the juvenile victim's full name to the clerk of courts on a Confidential Disclosure of Personal Identifiers form. The victim's full name should be documented on the Arrest Information, form U-10.100, and NetRMS report.

## IV. Procedures

A. Sworn Personnel
 1. Separate the victim and the offender.
 2. Request emergency medical services as necessary.
 3. Secure any weapons, detain witnesses, and hold the scene.
 4. Check involved parties for outstanding warrants.
 5. When probable cause exists that the domestic violence incident involves a felony offense:
   a. Contact the Investigative Duty Desk to notify the appropriate investigative unit.
   b. Follow the directions of investigative personnel on how to proceed.
 6. When probable cause exists that a domestic violence incident involves a misdemeanor offense, complete an investigation as follows:
   a. Determine the primary physical aggressor and take appropriate enforcement action.
    (1) When an arrest is made, follow procedures outlined in Section IV,C, before interviewing the suspect.
    (2) When a warrant is filed, contact Communications Bureau personnel and request the following known information be broadcast on all patrol radio channels:
      (a) Suspect's name and physical description
      (b) Suspect's vehicle description
      (c) Suspect's address, location, or destination
      (d) Charges filed
   b. Complete separate interviews of the victim, suspect, and witnesses, in separate locations.
    (1) Read and complete a Constitutional Rights, form I-20.109, with the suspect before conducting the interview. Use a Constitutional Rights (Juvenile), form I-40.112, for a juvenile suspect.
    (2) Request, but do not require, the victim and witnesses complete written statements.

   c. Take Evidentiary Photographs
- (1) Use a Division-issued digital camera, when available.
- (2) Photograph the victim and suspect
  - (a) Take full-body photographs that show the subject's face.
  - (b) Take separate photographs of each injury, claims of injuries, torn clothing, etc.
  - (c) Protect the dignity of the subject by covering any private parts as necessary. Have Division personnel of the same gender as the subject take the photographs, as appropriate.
- (3) Photograph the scene and evidence.
- (4) Upload the digital photographic images before the end of the tour. Follow the procedures outlined in the "Property and Evidence Handling" directive.

d. Collect evidence and submit to the Property Control Unit.

e. Complete a NetRMS Incident Report.
- (1) On the "Investigative Information" tab, note:
  - (a) Type of evidence collected and photographs taken.
  - (b) Information regarding a violation of a pre-trial release agreement for other pending domestic violence charges, if applicable.
  - (c) Contact information and address for the victim(s) going to a safe house or alternate location.
- (2) On the "Other Entities" tab, document the names and information of any children that were present at the scene, as applicable.
- (3) Include the property number for submitted evidence.

f. Complete an Arrest Information form, which should include:
- (1) The reason police were dispatched, and the name of the person who called.
- (2) The times personnel were dispatched and arrived.
- (3) The condition of the scene.
- (4) The general appearance and demeanor of the involved parties.
- (5) A detailed description of injuries, torn clothing, etc.
- (6) Specific information regarding how the involved parties are Family or Household Members.
- (7) Statements made or given by the victim, and witnesses.
- (8) List children as witnesses, or document that children were at the scene, as applicable.
- (9) Information regarding the suspect's convictions of domestic violence related offenses, including case numbers, charges, conviction dates when known.
- (10) Include any of the following known information about the suspect:
  - (a) History of mental illness

- (b) Access to deadly weapons
- (c) History of substance abuse
- (d) Suicidal or homicidal tendencies
- (e) Status of the relationship with the victim
- (f) Controlling type behavior
- ***(g) Presents a credible threat of serious physical harm to the victim or any other person***
- (11) Statements made or given by the suspect and/or whether the suspect invoked his or her rights.
- (12) A request that a motion be filed for a Domestic Violence Temporary Protection Order (DVTPO) on the victim's behalf, as applicable.

g. Complete a domestic violence packet and include:
  (1) A copy of the NetRMS Incident Report
  (2) A copy of the Arrest Information form
  (3) Original written witness statement(s)
  (4) A copy of complaint affadavit(s)
  (5) Original Constitutional Rights form
  (6) A copy of the Evidence and Property Inventory, form A-32.114
  (7) Hard copies of photos, when available. (i.e. Polaroids)

h. Provide the victim with information and/or support as outlined in the "Victim/Witness Assistance" directive. As needed, review the information with the victim to ensure that the victim understands how to request a protection order.

i. Process the suspect through the ID Section when an arrest is made.

j. Submit the completed domestic violence packet to Clerk of Courts when charges are filed.

B. Investigative Personnel
  1. Follow applicable Investigative Subdivision SOPs in regard to handling felony investigations.
  2. Advise responding sworn personnel how to proceed.

C. Considering Charges for Enhancements
  1. Sworn Personnel
    a. Conduct a records check to determine whether the suspect has any convictions for the charges as noted in Section III,E,1, involving a family or household member.
      (1) When an arrest is made:
        (a) Contact the Investigative Duty Desk and request a Domestic Violence Unit investigator be notified and follow the directions of the investigator, when the suspect has a prior domestic violence related conviction, or

      (b) Complete the investigation and charge the suspect with the appropriate misdemeanor charge, when the suspect has no prior domestic violence related convictions or when an investigator is not available.

      (c) Note the findings of the records check on the Arrest Information form.

  (2) Note the findings of the records check in the Arrest Information form when charges are filed without an arrest.

2. Investigative Personnel

   Contact the requesting personnel and advise or assist in the completion of the investigation.