# Exhibit A-NFLPA-14

 **ZUCKERMAN SPAEDER** LLP

1185 AVENUE OF THE AMERICAS 31ST FLOOR
NEW YORK, NY 10036-2603
212.704.9600  212.704.4256 fax  www.zuckerman.com

**In the Matter of Ray Rice**
Decision on Discovery and Hearing Witnesses
October 22, 2014

Following a meeting on June 16, 2014, National Football League ("NFL") Commissioner Roger Goodell suspended Baltimore Ravens running back Ray Rice for two games on July 23, 2014, for a February 15, 2014 incident in which he assaulted his then-fiancée, Janay Palmer. On September 8, 2014, a video of the assault was made public. Subsequently, on September 11, 2014, Commissioner Goodell suspended Mr. Rice indefinitely. Mr. Rice has brought this appeal seeking to have the second, indefinite suspension overturned. The parties have identified the primary factual issue as what Mr. Rice told the League about his assault of Ms. Palmer at the June 16 meeting. Against this factual background, at issue is whether Commissioner Goodell abused his discretion, or in other words, acted arbitrarily and capriciously, in suspending Mr. Rice indefinitely.

Document Requests:

Article 46 of the Collective Bargaining Agreement ("CBA") between the NFL and National Football League Players' Association ("NFLPA") identifies the procedures that govern appeals related to "action taken against a player by the Commissioner for conduct detrimental to the integrity of, or public confidence in, the game of professional football." Such an appeal is at issue here. The bargained-for procedures include "discovery" limited to the production of all documents that will be relied upon at the hearing at least three days prior to said hearing. NFL-NFLPA CBA, Art. 46 § 2(f)(ii). "Arbitrators are bound by the language of the contract, but equally important is they are restricted by what the language of the contract does not say." *Carrollton Bd. of Educ.*, 09-2 Lab. Arb. Awards (CCH) P 4632, at 8 (2009) (Allen, Arb.). Here, the collective bargaining agreement provides for tightly circumscribed discovery and does not contemplate the production of any other documents in an Article 46 proceeding other than under those terms.

That said, the NFL has already agreed to provide the NFLPA with the majority of their requested documents. I also find that the remaining NFLPA discovery requests are of tenuous relevance and in some instances a fishing expedition. The NFL has agreed to produce the requested documents in its possession aside from those responsive to portions of Document Request 8. The remaining scope of Request 8 seeks to comb through League files and e-mails based upon a single press report relying upon unnamed sources. The NFLPA does not need access to such documents in order to "present evidence and cross examine witnesses," the key elements of a "fundamentally fair hearing." *Kaplan v. Alfred Dunhill of London, Inc.*, No. 96 Civ. 0258 (JFK), 1996 WL 640901, at *5 (S.D.N.Y. Nov. 4, 1996).

The NFL has also agreed to provide relevant documents within its possession that were provided to it by the Ravens. Because the issues as identified by both of the parties center on the knowledge of the League, not that of the Club, documents held independently by the Ravens are

 **ZUCKERMAN SPAEDER LLP**

not sufficiently relevant to this matter, and they need not be produced in order to ensure a fair hearing. As such, no further document production by the NFL or by the Ravens will be ordered.

The NFL is encouraged to produce these documents as soon as practicable, but they shall be produced no later than the close of business on Thursday, October 30, 2014. All parties are directed to produce the exhibits they will rely upon at the hearing no later than the close of business on Thursday, October 30, 2014, in conformity with the three-day timeframe provided for by Art. 46 § 2(f)(ii).

<u>Witnesses</u>:

While Article 46 of the CBA clearly identifies the scope of document discovery, it is silent on the scope of witness testimony at appeals hearings under the Article. Art. 46 § 2. As the player is plainly entitled to such a hearing upon request, it must be within the discretion of the hearing officer to determine the scope of the presentations, including compelling the witnesses necessary for the hearing to be fair.

As noted, both sides have cast as a central issue in the case what Mr. Rice said in the meeting with the League and Ravens officials on June 16, 2014. The NFL has already agreed to produce Adolpho Birch and Kevin Manara, two NFL lawyers who were present at that meeting. To limit the available witnesses knowledgeable about the content of that meeting to the individuals the NFL is willing to produce would prevent Mr. Rice from presenting his case and runs the risk of providing an incomplete picture of the content of a meeting that both parties have identified as critical. As such, all individuals present at the June 16, 2014 meeting between Mr. Rice and the League, including Commissioner Roger Goodell, Ravens General Manager Ozzie Newsome, and Ravens President Dick Cass are directed to be available to testify before the Hearing Officer at the hearing currently scheduled for November 5 and 6, 2014.[1] The NFL has also agreed to produce Chief Security Officer Jeffrey Miller.

The NFLPA has also sought the testimony of Ravens owner Steve Bisciotti, Ravens Head Coach John Harbaugh, and Ravens Senior Director of Security Darren Sanders. The request for production of these witnesses is denied. The NFLPA has not demonstrated that their testimony is necessary for Mr. Rice to present his case regarding the League investigation and discipline imposed by the Commissioner. Through the course of the hearing, should the parties present evidence that the presence of such witnesses is necessary for a full and fair hearing, the Hearing Officer will revisit the request.

SO ORDERED:

_____
Hon. Barbara S. Jones (ret.)

---

[1] The NFLPA has indicated that it "believes" each of these individuals was in attendance at the June 16, 2014 meeting. If, in fact, any one of these individuals was not present, the parties should make a submission to the Hearing Officer forthwith so that this order may be reassessed.

2