# Exhibit A-NFLPA-52



**Adolpho A. Birch III, Esq.**
*Senior Vice President of Labor Policy & League Affairs*

**CONFIDENTIAL**

August 22, 2017

**VIA ELECTRONIC DELIVERY**

Heather M. McPhee, Esq.
Associate General Counsel
NFL PLAYERS ASSOCIATION
1133 20th Street, NW
Washington, DC  20036

      Re:     **Ezekiel Elliott Article 46 Appeal—Request for Documents and Witnesses**

Dear Heather:

I write in response to your August 18, 2017 letter.

**Request for the Production of Documents**

We object to the document requests because, contrary to your assertion, they are inconsistent with the express provisions in Article 46 of the CBA that govern this appeal. Article 46 does not provide for the type of discovery requests you have propounded, but rather provides only that "the parties shall exchange copies of any exhibits upon which they intend to rely no later than three (3) calendar days prior to the hearing." CBA, Art. 46, Sec. 2 (f)(ii).  As Judge Jones confirmed in the Ray Rice proceedings, this provision "does not contemplate the production of any other documents" beyond the documents to be relied on at the hearing.  *Article 46 Appeal of Ray Rice*, Decision on Discovery and Hearing Witnesses, at 1 (Oct. 22, 2014); *see also Article 46 Appeal of Tom Brady*, Decision on Hearing Witnesses and Discovery (June 22, 2015); *National Football League Management Council, et al v. National Football League Players Ass'n, et al* 820 F. 3d 527, 546 (2d Cir. 2016).

We further object on the grounds that the requests are overbroad, irrelevant, unduly burdensome, and also to the extent the requests seek information that is protected from disclosure by the attorney-client privilege or the work product doctrine.

As required by Article 46, we will provide all exhibits upon which we intend to rely no later than three days before the hearing.  Those exhibits will include the substantial material which has already been provided to Mr. Elliott's representatives,

**CONFIDENTIAL**

Ms. Heather McPhee
August 22, 2017
Page 2


including the Investigative Reports, the transcript of the June 26, 2017 meeting at the League office, and the materials submitted to us on Mr. Elliott's behalf. As the August 11, 2017 letter to Mr. Elliott states, those are the documents upon which the Commissioner's disciplinary decision was based.

Subject to and without waiving these or any other objections, we respond to your specific requests as follows:

Request No. 1:

In addition to the materials previously provided to the NFLPA responsive to this request, and on a non-precedential basis as to any future Article 46 proceeding, attached are transcripts of the interviews of Ms. Thompson by League investigators that were recorded. We will provide the actual recordings by separate cover.

We specifically object to your requests for other investigatory materials , including any "interview notes" of the investigators. *See NFLMC v. NFLPA*, 820 F. 3d at 546-47 (affirming Article 46 Hearing Officer's denial of motion to compel interview notes of League investigators "because the CBA does not require the exchange of such notes . . . and there is simply no fundamental unfairness in affording the parties precisely what they agreed on").

Request No. 2:

We object to this request on the grounds that it is overbroad, irrelevant, unduly burdensome, and inconsistent with the specific provisions of Article 46 that governs this appeal. *See also* objections above.

Request No. 3:

We object to this request on the grounds that it is overbroad, irrelevant, unduly burdensome, and inconsistent with the specific provisions of Article 46 that governs this appeal. Moreover, there were no documents provided by any of the independent advisors to Commissioner Goodell reflecting their "advice and recommendations."

Request No. 4:

*See* objections above.

Request No. 5:

There are no transcripts or recordings of the interview with Mr. Tobias. *See also* objections above.

**CONFIDENTIAL**

Ms. Heather McPhee
August 22, 2017
Page 3

Request No. 6:

There are no transcripts or recordings of the interviews with Ms. Glenn. *See also* objections above.

Request No. 7:

There are no transcripts or recordings of the interviews with Ms. Mason. *See also* objections above.

Request No. 8:

The NFLPA has been provided with the evidence upon which Mr. Elliott's discipline was based, which will also be included in our pre-hearing submission of exhibits pursuant to CBA Article 46.

**Requests for the Production of Witnesses**

We object to your requests for witnesses to the extent they are overbroad, irrelevant, inconsistent with the governing appeal procedures under Article 46, and to the extent that the requests seek information that is protected from disclosure by the attorney-client privilege or the work product doctrine. Subject to and without waiving these and any further objections as appropriate in the course of the hearing, we respond to your specific requests for witnesses as follows:

Tiffany Thompson:

We disagree that the NFL has an obligation to arrange for Ms. Thompson's attendance at the hearing, or that her live testimony at the hearing is "required by Article 46." To the contrary, your claim that Mr. Elliott has a right to subject the victim of domestic violence to such compulsory examination has no basis in the Policy. In fact, as you know, no such right has ever been asserted or recognized in any of the numerous such appeals that have been heard under the Policy.

Moreover, Mr. Elliott has been provided with the evidence that was presented to the Commissioner on this subject, and his representatives have had ample opportunity to argue and brief the issue of Ms. Thompson's credibility during the investigation. Indeed, virtually all of the evidence cited in support of those arguments was provided to Mr. Elliott by League investigators.

In any event, contrary to your suggestion, and unlike the prior examples you cite, the NFL has no ability to compel Ms. Thompson's attendance.

**CONFIDENTIAL**

Ms. Heather McPhee
August 22, 2017
Page 4

<u>Lisa Friel and Kia Roberts:</u>

Ms. Friel, who was the lead investigator in this matter, will be available to attend the hearing in order to respond to questions about the investigation and the reports.

We object to your request for testimony from Ms. Roberts on the ground that it would cumulative and unnecessary in light of Ms. Friel's attendance at the hearing.

<u>Dr. Lone Thanning and Dr. Lorraine Giordano:</u>

It is our position that Dr. Thanning and Dr. Giordano are not required to testify in an appeal under Article 46. Mr. Elliott has been provided with their reports, which speak for themselves and which, in fact, have been relied upon extensively in the submissions made on Mr. Elliott's behalf. However, without waiving this position with respect to future proceedings, we will inquire about their availability and attempt to coordinate their appearance at the hearing.

Please let me know if you have any questions or would like to discuss further.

Sincerely,

ADOLPHO A. BIRCH III

AAB: tgw