# Exhibit A-NFLPA-54

**NATIONAL FOOTBALL LEAGUE**

Adolpho A. Birch III, Esq.
*Senior Vice President of Labor Policy &
League Affairs*

**CONFIDENTIAL**

August 23, 2017

**VIA ELECTRONIC DELIVERY**

Mr. Harold Henderson
1436 Laburnum Street
McLean, VA 22101

**Re: Ezekiel Elliott Article 46 Appeal – NFLPA Motion to Compel**

Dear Mr. Henderson:

The NFLPA's Motion to Compel dated August 22, 2017 should be denied.

**Witnesses**

Tiffany Thompson

There is no disagreement that the NFL cannot compel Ms. Thompson to testify at Mr. Elliott's appeal hearing. She is not an employee of the NFL or any of its clubs, and her willingness to be interviewed by League investigators was voluntary. Indeed, as is often the case with victims of domestic violence, she did so reluctantly.

Nothing in Article 46 supports the NFLPA's claim that Mr. Elliott has a right to confront his accuser. This is not a criminal case. *See, e.g., Frumkin v. Bd. of Trs., Kent State Univ.*, 626 F.2d 19, 21 (6th Cir. 1980) (an employee termination or disciplinary hearing is not coextensive with a criminal trial). In fact, as you know, this is not even a "just cause" arbitration proceeding, even though that appears to be the central premise upon which all of the NFLPA's discovery arguments are based. As Judge Jones specifically held in the *Ray Rice* appeal:

> Article 46 does not contain a just cause provision, either explicit or implied. Where a collective bargaining agreement is silent on just cause, arbitrators often find that such a provision is implied. *See In re J&J Maintenance Inc.*, 121 Lab. Arb. 847, 855 (2005). The CBA between the NFL and the NFLPA, however, is not silent on the matter; it explicitly includes just cause in the Club discipline provisions of Article 43. This inclusion demonstrates that the parties knew how to include such a

**CONFIDENTIAL**

Mr. Harold Henderson
August 23, 2017
Page 2

provision when it was bargained for, bolstering the conclusion that it should not be read into Article 46.

*Article 46 Appeal of Ray Rice* at 8 (Jones, Arb., November 28, 2014). Consequently, Judge Jones held, contrary to the NFLPA's arguments here, the burden in an Article 46 appeal is on the player to demonstrate that the Commissioner's decision was "arbitrary and capricious" based on the record before him. *Id.* ("[T]he NFLPA[] has the burden of showing that the discipline was arbitrary and capricious."). In contrast, the League has no burden or obligation to present any evidence, including witnesses, other than the underlying record upon which the discipline was based. As you know, that has been the clear and consistent practice in all such appeals under the Personal Conduct Policy.[1]

Mr. Elliott has already been provided with all such evidence. Indeed, his representatives have argued vigorously—*based upon evidence provided to him by the League*—that Ms. Thompson is not a credible witness for a variety of reasons and therefore he cannot be subject to discipline. The Commissioner gave "careful consideration" to this evidence and nonetheless concluded, based on the entire record including contemporaneous photographs of Ms. Thompson's injuries during periods when she spent substantial time alone with Mr. Elliott, that discipline was appropriate. The NFLPA's submission fails to identify any additional evidence Mr. Elliott expects to develop regarding her credibility by confronting her at a hearing, suggesting that the primary purpose of Mr. Elliott's request is to harass a woman that has made claims of domestic violence against him.

The NFLPA's reliance on the *Bounty* case provides no support to their "due process" claims. Commissioner Tagliabue did not, as suggested by the NFLPA, "compel" the testimony of the two witnesses. In fact, they both agreed, through counsel, to appear voluntarily. *See* November 1, 2012 Pre-Hearing Transcript. All that the order cited by the NFLPA did was to resolve that one of the witnesses, who was employed by an NFL club, would provide testimony in person rather than by telephone. Consequently, Commissioner Tagliabue was not required to resolve the NFLPA's claim that the League was required to present testimony from the players' accusers in order to carry its "just cause" burden at the Article 46 appeal hearing. And, as explained above, Judge Jones later did resolve that issue specifically, finding that the league has no such burden.

---

[1] For this reason and others, the NFLPA's reliance on *Boise Cascade Corp.*, 114 BNA LA 1379 (Crider, 2000), which involved a "just cause" disciplinary arbitration in which the affiant was an employee who could be called to testify, is misplaced. Nor does that case stand for the NFLPA's broad proposition that there is a right to confront an accuser that is tantamount to the Sixth Amendment even in "just cause" employee disciplinary hearings. *Cf. City of Berkeley*, 88 BNA LA 603 (Staudohar, 1987) (upholding suspension when the accusers who were not employees did not testify at hearing).

**CONFIDENTIAL**

Mr. Harold Henderson
August 23, 2017
Page 3

### Kia Roberts

There is no right under the Policy or in Article 46—and the NFLPA cites none—to compel the testimony of the investigators involved in conducting interviews or preparing the underlying report at a player's appeal hearing. Nonetheless, the league has agreed to make the lead investigator, Lisa Friel, available to respond to questions at the hearing regarding the investigation and the reports. Ms. Friel both oversaw the investigation and prepared the investigative report. As such, Ms. Roberts' testimony would be cumulative and unnecessary. And, as explained above, the NFLPA has been provided with the evidence in the reports bearing on Ms. Thompson's credibility that was considered by the Commissioner.

### Dr. Lone Thanning and Dr. Lorraine Giordano

Nothing in Article 46 or the Personal Conduct Policy requires the testimony of either Dr. Thanning or Dr. Giordano. The NFLPA has been provided with their reports, which speak for themselves and which, in fact, have been relied upon extensively in the submissions made on Mr. Elliott's behalf. Even more, the NFLPA also was free to engage its own expert to offer a contrary opinion, were that to be the case. That said, the league has contacted the doctors to ascertain their availability and has offered to coordinate their appearance at the hearing if available.

## Documents

Here again, the NFLPA document requests ignore the procedures in Article 46 and the Personal Conduct Policy that govern this appeal. Article 46 provides only that "the parties shall exchange copies of any exhibits upon which they intend to rely no later than three (3) calendar days prior to the hearing." CBA, Art. 46, Sec. 2 (f)(ii). As Judge Jones confirmed in the *Ray Rice* proceedings, this provision "does not contemplate the production of any other documents" beyond the documents to be relied on at the hearing. *Article 46 Appeal of Ray Rice*, Decision on Discovery and Hearing Witnesses, at 1 (Oct. 22, 2014); *see also Article 46 Appeal of Tom Brady*, Decision on Hearing Witnesses and Discovery (June 22, 2015).

As required by Article 46, the League will provide all exhibits upon which it intends to rely no later than three days before the hearing. Those exhibits will include the substantial material which has already been provided to Mr. Elliott's representatives, including the Investigative Reports, the transcript of the June 26, 2017 meeting at the League office, and the materials submitted to us on Mr. Elliott's behalf. As the August 11, 2017 letter to Mr. Elliott states, those are the documents upon which the Commissioner's disciplinary decision was based.

**CONFIDENTIAL**

Mr. Harold Henderson
August 23, 2017
Page 4

    Thus, the NFLPA's demands for other materials relating to the League's investigation, including any "interview notes" of the investigators, should be denied for the same reason such similar demands have been rejected by hearing officers in prior cases. Indeed, the Second Circuit's decision last year in the *Tom Brady* Article 46 proceeding was explicit on this point. *See National Football League Management Council, et al v. National Football League Players Ass'n, et al* 820 F. 3d 527, 546-47 (2d Cir. 2016) (affirming Article 46 Hearing Officer's denial of motion to compel interview notes of League investigators "because the CBA does not require the exchange of such notes . . . and there is simply no fundamental unfairness in affording the parties precisely what they agreed on").

    Based on the foregoing, we respectfully submit that the NFLPA's motion to compel witnesses and the production of documents should be denied.

                                                Sincerely,

                                                ADOLPHO A. BIRCH III

AAB: tgw