# Exhibit A-NFLPA-55

**From:** "Henderson, Harold" <Harold.Henderson@nfl.com>
**Date:** August 24, 2017 at 11:51:23 PM EDT
**To:** "Kessler, Jeffrey L." <JKessler@winston.com>, "dnash@akingump.com" <dnash@akingump.com>
**Cc:** "Birch, Adolpho" <Adolpho.Birch@NFL.com>
**Subject: FW: Motion to Compel**

---

**From:** Henderson, Harold
**Sent:** Thursday, August 24, 2017 11:44 PM
**To:** Heather.McPhee@nflpa.com; Birch, Adolpho
**Cc:** Jones, Todd
**Subject:**

Please find attached the Decision on the NFLPA Motion to Compel.

August 23, 2017

| | |
|---|---|
| Heather McPhee, Esq. | Adolpho Birch, Esq. |
| NFL Players Association | NFL Management Council |
| 1133 20th St. NW | 345 Park Avenue |
| Washington, DC 20036 | New York, NY 10154 |

**Re: Ezekiel Elliot Article 46 Appeal-Motion to Compel**
**DECISION**

This is in response to a motion filed on August 22, 2017 by the NFLPA and Ezekiel Elliot requesting that the NFL be ordered to produce certain witnesses and documents in connection with this appeal. Production of those same witnesses and enumerated documents, among others, were requested of the NFL on August 18, 2017. The NFL responded on August 22, agreeing that certain witnesses and documents would be produced and declining to produce others. Those which the NFL declined to produce are the subject of this motion.

On a conference call with counsel for all parties on August 23 counsel reiterated and expanded the positions reflected in the NFLPA's Motion to Compel and the NFL's opposition thereto. This sets out my decision as to each of the outstanding issues.

<u>Witnesses</u>
Tiffany Thompson lodged allegations of physical assault against Mr. Elliott which gave rise to the subject discipline and appeal. She is not employed by the NFL or any related entity, and there is no indication that she ever was. The league has stated that it has no control over Ms. Thompson and no ability to compel her attendance at the appeal hearing. Moreover, the NFL believes it has no obligation under CBA Article 46 to arrange for Ms. Thompson's attendance at the hearing.

The NFLPA contends she is the accuser whose statements are the sole direct evidence against Mr. Elliott, and that to deny him the right and opportunity to confront her in person for examination under oath amounts to denial of due process and fundamental fairness.

I am not persuaded that under the provisions of Article 46 the NFL is required to produce Ms. Thompson for testimony at the hearing. Nor do I believe her live testimony and availability for cross examination are essential to Mr. Elliott's defense. The Commissioner's decision in this case was based on affidavits, statements and interview reports, all of which are available to Mr. Elliott under the procedures of Article 46., It is neither the purpose of the appeal hearing nor the role of the hearing officer to conduct a *de novo* review of the investigation but rather to

determine whether the record sufficiently supports that the Commissioner's decision is fair and just, not arbitrary and capricious. Article 46 does not address the scope of witness testimony at appeal hearings, leaving to the discretion of the hearing officer determination of the scope of the presentations necessary for the hearing to be fair, including compelling the attendance of witnesses. The motion to order the NFL to produce Tiffany Thompson to testify at the appeal hearing is denied.

Lisa Friel and Kia Roberts are the lead NFL investigators who authored the investigative report on which Commissioner Goodell relied in imposing discipline on Mr. Elliott. Mr. Birch has agreed to make Lisa Friel available to answer questions at the hearing but declined to offer the same with Kia Roberts, as her testimony would be cumulative and unnecessary. She conducted interviews of witnesses, including several of Ms. Thompson, separately. She is employed in the city where the  hearing will be held so it should not be overly burdensome to produce her.The NFL should make Ms. Roberts available at the hearing.

Dr. Lone Thanning and Dr. Lorraine Giordano are not required to be produced by the NFL, but Mr. Birch has stated that the league has contacted both doctors and will coordinate their appearance if they are available.

Documents
This motion seeks to compel the NFL to produce "obviously relevant documents" including investigators' notes on witness interviews and records of communications with independent advisors to the Commissioner. Article 46 provides only that "the parties shall exchange copies of any exhibits upon which they intend to rely no later than three (3) calendar days prior to the hearing." This article does not contemplate production of any other documents, and the usual remedy for failure to comply is exclusion of the subject documents from use at the hearing. This interpretation has consistently been applied for many years. Thus, as a general rule, the only relevant factor in pre-hearing production of documents is the intent to rely on them at the hearing. The motion to compel production of documents is denied.

Any remaining issues, if there are any, will be addressed at the outset of the hearing next week.

Harold Henderson



Hearing officer