# Exhibit A-NFLPA-58



**COLLECTIVE BARGAINING AGREEMENT**

August 4, 2011



# ARTICLE 46
# COMMISSIONER DISCIPLINE

*Section 1.* **League Discipline:** Notwithstanding anything stated in Article 43:

(a) All disputes involving a fine or suspension imposed upon a player for conduct on the playing field (other than as described in Subsection (b) below) or involving action taken against a player by the Commissioner for conduct detrimental to the integrity of, or public confidence in, the game of professional football, will be processed exclusively as follows: the Commissioner will promptly send written notice of his action to the player, with a copy to the NFLPA. Within three (3) business days following such written notification, the player affected thereby, or the NFLPA with the player's approval, may appeal in writing to the Commissioner.

(b) Fines or suspensions imposed upon players for unnecessary roughness or unsportsmanlike conduct on the playing field with respect to an opposing player or players shall be determined initially by a person appointed by the Commissioner after consultation concerning the person being appointed with the Executive Director of the NFLPA, as promptly as possible after the event(s) in question. Such person will send written notice of his action to the player, with a copy to the NFLPA. Within three (3) business days following such notification, the player, or the NFLPA with his approval, may appeal in writing to the Commissioner.

(c) The Commissioner (under Subsection (a)), or the person appointed by the Commissioner under Subsection (b), shall consult with the Executive Director of the NFLPA prior to issuing, for on-field conduct, any suspension or fine in excess of $50,000.

(d) The schedule of fines for on-field conduct will be provided to the NFLPA prior to the start of training camp in each season covered under this Agreement. The 2011 schedule of fines, which has been provided to and accepted by the NFLPA, shall serve as the basis of discipline for the infractions indentified on that schedule. The designated minimum fine amounts will increase by 5% for the 2012 League Year, and each League Year thereafter during the term of this Agreement. Where circumstances warrant, including, but not limited to, infractions that were flagrant and gratuitous, larger fines, suspension or other discipline may be imposed. On appeal, a player may assert, among other defenses, that any fine should be reduced because it is excessive when compared to the player's expected earnings for the season in question. However, a fine may be reduced on this basis only if it exceeds 25 percent of one week of a player's salary for a first offense, and 50 percent of one week of a player's salary for a second offense. A player may also argue on appeal that the circumstances do not warrant his receiving a fine above the amount stated in the schedule of fines.

*Section 2.* **Hearings:**

(a) **Hearing Officers.** For appeals under Section 1(a) above, the Commissioner shall, after consultation with the Executive Director of the NFLPA, appoint one or more designees to serve as hearing officers. For appeals under Section 1(b) above, the parties shall, on an annual basis, jointly select two (2) or more designees to serve as hearing officers. The salary and reasonable expenses for the designees' services shall be

shared equally by the NFL and the NFLPA. Notwithstanding the foregoing, the Commissioner may serve as hearing officer in any appeal under Section 1(a) of this Article at his discretion.

(b) **Representation.** In any hearing provided for in this Article, a player may be accompanied by counsel of his choice. The NFLPA and NFL have the right to attend all hearings provided for in this Article and to present, by testimony or otherwise, any evidence relevant to the hearing.

(c) **Telephone Hearings.** Upon agreement of the parties, hearings under this Article may be conducted by telephone conference call or videoconference.

(d) **Decision.** As soon as practicable following the conclusion of the hearing, the hearing officer will render a written decision which will constitute full, final and complete disposition of the dispute and will be binding upon the player(s), Club(s) and the parties to this Agreement with respect to that dispute. Any discipline imposed pursuant to Section 1(b) may only be affirmed, reduced, or vacated by the hearing officer, and may not be increased.

(e) **Costs.** Unless the Commissioner determines otherwise, each party will bear the cost of its own witnesses, counsel and other expenses associated with the appeal.

(f) **Scheduling.** Appeal hearings under Section 1(a) or Section 1(b) will be scheduled to commence within ten (10) days following receipt of the notice of appeal, except that hearings on suspensions issued during the playing season (defined for this Section as the first preseason game through the Super Bowl) will be scheduled:

(i) for hearings under Section 1(a), for the second Tuesday following the receipt of the notice of appeal, with the intent that the appeal shall be heard no fewer than eight (8) days and no more than thirteen (13) days following the suspension, absent mutual agreement of the parties or a finding by the hearing officer of extenuating circumstances. If unavailability of counsel is the basis for a continuance, a new hearing shall be scheduled on or before the Tuesday following the original hearing date, without exception;

(ii) for hearings under Section 1(b), for no later than the day prior to the player's next scheduled game.

(g) **Additional Procedures for Appeals Under Section 1(a).**

(i) **Discovery.** In appeals under Section 1(a), the parties shall exchange copies of any exhibits upon which they intend to rely no later than three (3) calendar days prior to the hearing. Failure to timely provide any intended exhibit shall preclude its introduction at the hearing.

(ii) **Record; Posthearing Briefs.** Unless the parties agree otherwise, all hearings conducted under Section 1(a) of this Article shall be transcribed. Posthearing briefs will not be permitted absent agreement of the NFL and NFLPA or the request of the hearing officer. If permitted, such briefs shall be limited to five pages (single-spaced) and must be filed no later than three (3) business days following the conclusion of the hearing.

*Section 3.* **Time Limits:** Each of the time limits set forth in this Article may be extended by mutual agreement of the parties or by the hearing officer upon appropriate motion.

***Section 4.*** **One Penalty:** The Commissioner and a Club will not both discipline a player for the same act or conduct. The Commissioner's disciplinary action will preclude or supersede disciplinary action by any Club for the same act or conduct.

***Section 5.*** **Fine Money:**

(a) Fines will be deducted at the rate of no more than $2,500 from each pay period, if sufficient pay periods remain; or, if less than sufficient pay periods remain, the fine will be deducted in equal installments over the number of remaining pay periods. For the 2016–2020 League Years, the amount will increase from a rate of $2,500 to $3,500 from each pay period.

(b) For any fine imposed upon a player under Section 1(b), no amount of the fine will be withheld from the player's pay pending the outcome of the appeal, except that the full amount of the fine shall be promptly collected if: (i) the hearing on a fine imposed for conduct occurring through the thirteenth (13th) week of the regular season is unreasonably delayed by the player or the NFLPA beyond the time provided for in Section 2(f) of this Article, (ii) the fine is imposed after the thirteenth (13th) week of the regular season, or (iii) the player and the NFLPA do not timely appeal; the collection of any fine pursuant to this sentence shall be without prejudice to any rights the NFL, the Club, the NFLPA or the player may have, including as to any hearing right or the merits of any appeal.

(c) Unless otherwise agreed by the parties., fine money collected pursuant to this Article shall be allocated as follows: 50% to the Players Assistance Trust and 50% to charitable organizations jointly determined by the NFL and the NFLPA. In the absence of said joint determination, the NFL and the NFLPA shall each determine a charitable organization or organizations to which half of the second 50% shall be allocated.