UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, on its own behalf and on behalf of EZEKIEL ELLIOTT, | § § § § § | |
| Petitioner, | § § | CASE NO. 4:17-cv-00615 |
| v. | § § § | |
| NATIONAL FOOTBALL LEAGUE and NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL, | § § § § | |
| Respondents. | | |

**PETITIONER'S MOTION TO STRIKE OR ALTERNATIVELY FOR LEAVE TO FILE SECOND SUPPLEMENTAL BRIEF**[1]

Petitioner hereby submits this motion to strike portions of the Supplemental Brief filed by the NFL on September 6, 2017 (Doc. No. 23) ("NFL Supplemental Brief"). Specifically, to strike Section I and the entirety of the introduction on the ground that the only arguments contained therein—exhaustion-of-remedies, standing, and the first-to-file rule—do not address Henderson's Award, and therefore are beyond the scope of the supplemental briefing authorized by the Court. No argument or authority cited in those sections of the NFL's Supplemental Brief could not have been submitted before the TRO hearing. The Supplemental Brief is a sandbagging attempt to provide distorted views of newly cited authority that Petitioner would have no opportunity to correct. In the alternative, Petitioner seeks permission to file its proposed Second Supplemental Brief in support of Petitioner's Motion for Temporary Restraining Order

---

[1] Defined terms herein have the same meaning as Petitioner's prior submissions in support of its TRO Motion (Doc Nos. 5, 13, and 24).

or Preliminary Injunction for the limited purpose of responding to the NFL's last-minute and unauthorized arguments and authorities.[2] Petitioner would not reply to Section II of the NFL's Supplemental Brief, which appropriately addresses the substance of the Award.

On September 5, 2017, Henderson issued the Award, after the parties had completed their briefing on the TRO Motion, but before the TRO hearing had concluded. The Court authorized the parties to submit supplemental briefs in light of the Award. Petitioner understood that these supplemental briefs were to be limited to discussion of Henderson's decision and its impact (if any) on the pending TRO Motion. *See* Petitioner's Supp. Br. in Support of TRO Motion at 1 (Doc. No. 24) ("As the Court requested (*see* Doc. No. 14), this submission addresses the arbitration award issued by Harold Henderson on September 5, 2017, and signed on September 6, 2017").

The NFL, however, submitted its 13-page Supplemental Brief with roughly nine pages of additional arguments and citations—the majority of which are "new"—concerning exhaustion-of-remedies, standing, and the first-to-file rule. *See* NFL Supp. Br. at 1-9, 13 (Doc. No. 23). But the NFL's Opposition to the TRO Motion (Doc. No. 8 at 7-13), and the NFL's incorporated-by-reference Motion to Dismiss (Doc. No. 7 at 1-13), already set forth the NFL's arguments and authorities about how Henderson's imminent Award could not cure the Court's (supposed) lack of jurisdiction or Petitioner's (supposed) lack of standing. Thus, not only was the majority of the NFL's Supplemental Brief unauthorized, there was no justifiable basis for the NFL to lie in wait until after the TRO hearing to first present new arguments and distortions of new cases at a point when Petitioner would not have a chance to reply.

---

[2] Petitioner's proposed Second Supplemental Brief is attached to the September 7, 2017 Declaration of Jeffrey L. Kessler, submitted herewith.

There are two explanations for the NFL's unauthorized and delinquent supplementation of its "procedural" arguments. The first is to inflict further delay, and to further frustrate, the timing of the Court's decision on the TRO Motion and ability to provide timely injunctive relief. The second is, essentially, to sandbag Petitioner, and deprive the NFLPA and Elliott of an opportunity to respond. This is significant because, as Petitioner would demonstrate in its proposed Second Supplemental Brief (attached with the September 7, 2017 Declaration of Jeffrey L. Kessler), the NFL grossly misstates its "new" authorities and the state of the law—even going so far as to creatively use ellipsis to entirely distort the meaning of newly cited Supreme Court authority (from 1963). If the entirety of the NFL's Supplemental Brief is to be considered, it demands a response.

Petitioner respectfully submits that Section I and the introduction to the NFL's Supplemental Brief should be stricken so there is no further obstacle or delay to the Court's decision on the TRO Motion. Those portions of the NFL's Supplemental Brief are unauthorized, belated, the NFL can still present its arguments in connection with the ongoing briefing on the Motion to Dismiss, and there is ample authority on the record properly before the Court to demonstrate that there was subject matter jurisdiction when the Petition was filed and that Petitioner has satisfied the Fifth Circuit's standards for the issuance of a TRO. Alternatively, Petitioner seeks permission to file the proposed Second Supplemental Brief so it has an opportunity to respond to the NFL's misstatements of the law.

Dated: September 7, 2017

Respectfully submitted,

WINSTON & STRAWN LLP

By: */s/ Thomas M. Melsheimer*
**Thomas M. Melsheimer**
Texas Bar No. 13922550
tmelsheimer@winston.com
**Lane M. Webster (*pro hac vice*)**
Texas Bar No. 24089042
lwebster@winston.com

2501 N. Harwood Street, 17th Floor
Dallas, TX 75201
(214) 453-6500 – Telephone
(214) 453-6400 – Facsimile

**Jeffrey L. Kessler (*pro hac vice*)**
New York Bar No. 1539865
jkessler@winston.com
**David L. Greenspan (*pro hac vice*)**
New York Bar No. 4042099
dgreenspan@winston.com
**Jonathan Amoona (*pro hac vice*)**
New York Bar No. 4797338
jamoona@winston.com
**Angela A. Smedley (*pro hac vice*)**
New York Bar No. 4942132
asmedley@winston.com
**Isabelle Mercier-Dalphond (*pro hac vice*)**
New York Bar No. 5187604
imercier@winston.com

200 Park Avenue
New York, New York 10166
(212) 294-6700 – Telephone
(212) 294-4700 – Facsimile

*Counsel for Petitioner National Football League Players Association and Ezekiel Elliott*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h). Jonathan Amoona, counsel for Petitioner National Football League Players Association and Ezekiel Elliott, conferred with Daniel L. Nash, counsel for Respondents National Football League and National Football League Management Council, via telephone on September 7, 2017 regarding Petitioner's Motion to Strike or Alternatively for Leave to File Second Supplemental Brief. Counsel for Respondents stated that Respondents opposed the requested relief. The discussions ended at an impasse, leaving an open issue for the court to resolve. LR CV-7(i).

/s/ *Thomas M. Melsheimer*
Thomas M. Melsheimer

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically on September 7, 2017, in compliance with Local Rule CV-5(a).

/s/ *Thomas M. Melsheimer*
Thomas M. Melsheimer