IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, on its own behalf and on behalf of EZEKIEL ELLIOTT, | § § § § § | |
| Petitioner, | § § | |
| v. | § § | CASE NO. 4:17-cv-00615-ALM |
| NATIONAL FOOTBALL LEAGUE and NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL, | § § § § § | |
| Respondents. | § | |

### RESPONDENTS' EMERGENCY MOTION TO STAY INJUNCTION PENDING APPEAL

Respondents National Football League and National Football League Management Council have exercised their right to appeal this Court's September 8, 2017 Memorandum Opinion and Order granting Petitioner National Football League Players Association's ("NFLPA's") Motion for Temporary Restraining Order and Preliminary Injunction (the "PI Order"). Respondents respectfully request that the Court enter a stay of the PI Order pending Respondents' appeal. *See* FED. R. CIV. P. 62(c) ("While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.").

A court may suspend an injunction pending appeal if Respondents can demonstrate: (1) a likelihood of success on the merits on appeal; (2) a likelihood the applicant will be irreparably injured absent a stay; (3) that issuance of a stay will not substantially injure the other parties; and (4) that the stay is in the public interest. *See Planned Parenthood of Greater Tex. Surgical*

*Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013) (motion to stay injunction granted in part)*; Smith & Nephew, Inc. v. Arthrex, Inc.*, No. 2:07-cv-0335-TJW-CE, 2010 WL 2522428 (E.D. Tex. June 18, 2010) (motion to stay injunction granted).

Importantly, the Court need not repudiate its earlier determinations in the PI Order in order to stay the injunction pending appeal; "instead, the [stay] movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981). Because Rule 8 of the Federal Rules of Appellate Procedure contemplates that parties must seek an injunction pending appeal from the district court before seeking similar relief from the court of appeals, "[p]rior recourse to the initial decisionmaker before seeking an injunction pending appeal would hardly be required as a general matter if [a district court] could properly grant interim relief only on a prediction that it has rendered an erroneous decision." *Washington Metropolitan Area Transit Com. v. Holiday Tours, Inc.*, 559 F.2d 841, 844-45 (D.C. Cir. 1977) (stay appropriate when court has ruled on "difficult legal question and when the equities of the case suggest that the status quo should be maintained"); *see also Protect Our Water v. Flowers*, 377 F. Supp. 2d 882, 884 (E.D. Cal. 2004) ("Several courts have observed that the 'success on the merits factor cannot be rigidly applied,' because if it were, an injunction would seldom, if ever, be granted 'because the district court would have to conclude that it was probably incorrect in its determination on the merits.'" (quotation omitted)).

Respondents have presented a substantial case on the merits here. Although the Court previously concluded "that the NFLPA demonstrated a substantial likelihood of success on the merits," PI Order at 19, it did so only after resolving a series of contested legal issues in Petitioner's favor—including contested questions going to the power of this Court to grant *any*

2

relief to Petitioner. For example, this Court held that Petitioner met its burden of proving that it exhausted (or was excused from exhausting) its administrative remedies—even though Petitioner had not "support[ed] [its] theory of exhaustion with any case law." PI Order at 9. Exhaustion aside, Petitioner filed suit before the Arbitrator rendered a decision despite the extensive authority holding that no action "will lie" under Section 301 of the LMRA unless there is a "final and binding" Award to review. *Gen. Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 520 (1963); *see, e.g., Orion Pictures Corp. v. Writers Guild of Am., W., Inc.*, 946 F.2d 722, 724 (9th Cir. 1991) ("Generally a district court may review an arbitrator's rulings pursuant to section 301 of the LMRA only after there is a final award."). And this Court explicitly declined to rule on the NFL's motion to dismiss arguments on the ground that they were "not ripe." PI Order at 5 n.3. But if this Court (or the Fifth Circuit) were to conclude that this case was properly subject to dismissal, the preliminary injunction would be dissolved as well.

The NFL also presented serious and substantial questions on the merits. Given the strong federal policy in favor of arbitration, review of labor arbitration awards is "extremely limited," *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 507 (2001), and is in fact "among the narrowest known to the law." *Union Pac. R.R. Co. v. Sheehan*, 439 U.S. 89, 91 (1978) (per curiam) (quotation omitted). For example, although this Court "view[ed]" certain evidentiary decisions by the Arbitrator to be "gross errors resulting in a fundamentally unfair hearing," PI Order 18, there is a substantial question regarding whether the Fifth Circuit, on *de novo* review, will agree. A court's view of a "gross error" is not a ground for vacatur: "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," "that a court is convinced [the Arbitrator] committed serious error does *not*

3

suffice to overturn his decision." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987) (emphasis added). That is because "it is the *arbitrator's* view of the facts and of the meaning of the contract that [the parties] have agreed to accept." *Id.* at 37–38 (emphasis added).

Beyond likelihood of success, the other factors strongly weigh in favor of maintaining the status quo. The NFL and the NFLPA have bargained for an internal grievance process with streamlined appeal procedures that produce a "full, final, and complete disposition of the dispute." (ECF No. 1-62 (Kessler Decl., Ex. A-NFLPA-58), Art. 46, Sec. 2(d).) The PI Order directly interferes with those agreed-to procedures, frustrates the NFL's ability to efficiently and effectively administer the CBA, and impacts the competitive landscape of the NFL every week a properly suspended player suits up. In contrast, no "irreparable" harm is likely to befall Elliott, who can recoup any lost money in the unlikely event his suspension is permanently enjoined. *See Nat'l Football League Players Ass'n v. Nat'l Football League*, 724 F. Supp. 1027, 1028 (D.D.C. 1989) (alleged damage to "players' skills, reputations, and professional careers" as a result of steroid suspensions do not constitute irreparable harm).

Finally, the public interest supports a stay of the injunction pending appeal. It is the "decided preference" of federal labor policy "for private settlement of labor disputes without the intervention of government." *Misco,* 484 U.S. at 36, 37; *see also* 29 U.S.C. § 173(d). Enjoining the proper working of those systems undoubtedly frustrates that policy. *Misco,* 484 U.S. at 36. The NFL and public also have a strong interest in preventing domestic violence and in ensuring that those who engage in such behavior face timely and proportionate consequences for their actions.

Although Respondents believe that a stay is warranted, to the extent that this Court is disinclined to grant Respondents their requested relief, Respondents respectfully request that this Court dispose of the instant motion immediately, without waiting for the Petitioner to file a responsive brief, so that Respondents can pursue expedited relief in the Fifth Circuit.  *See* FED. R. APP. P. 8(a)(1)(C) ("A party must ordinarily move first in the district court for . . . an order suspending, . . . an injunction while an appeal is pending.").  Absent an order from this Court granting a stay, Respondents intend to seek a stay from the Fifth Circuit tomorrow morning.

## CONCLUSION

For the foregoing reasons, the Injunction should be stayed pending Respondents' appeal.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

 /s/ Eric Gambrell
Eric Gambrell
egambrell@akingump.com
Texas Bar No. 00790735
*Lead Attorney*
Patrick G. O'Brien
pobrien@akingump.com
Texas Bar No. 24046541
1700 Pacific Avenue, Suite 4100
Dallas, TX  75201
Telephone:  (214) 969-2800
Facsimile:  (214) 969-4343

Daniel L. Nash
*Pro hac vice*
dnash@akingump.com
Nathan J. Oleson
*Pro hac vice*
noleson@akingump.com
1333 New Hampshire Avenue, NW
Washington, DC  20036
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288

ATTORNEYS FOR RESPONDENTS
NATIONAL FOOTBALL LEAGUE and
NATIONAL FOOTBALL LEAGUE
MANAGEMENT COUNCIL

**CERTIFICATE OF CONFERENCE**

     I hereby certify that Nathan Oleson, counsel for Respondents, personally discussed the relief requested in this Motion via telephone with Jonathan Amoona, counsel for Petitioner, on September 11, 2017 and was informed that Petitioner opposes the Motion and the relief requested. Counsel for Respondents have complied with the meet and confer requirement in Local Rule CV-7(h) and discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

                                               */s/ Patrick G. O'Brien*

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 11th day of September, 2017, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record in this case who have consented in writing to accept this Notice as service of this document by electronic means.

                                               */s/ Patrick G. O'Brien*